

E-FILING

1  ROD J. CAPPY, Bar No. 137151
   rcappy@gcslaw.net
2  DAVID K. SCHULTZ, Bar No. 150120
   dschultz@gcslaw.net
3  GRACE, COSGROVE & SCHIRM
   A Professional Corporation
4  444 South Flower Street, Suite 1100
   Los Angeles, California 90071
5  Telephone: (213) 533-5400
   Facsimile: (213) 533-5444
6
   Attorneys for Defendant
7  CONAGRA FOODS, INC.

FILED

2007 OCT 19  P 2: 10

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

8              UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11  TERRY SOUTHARDS,                    C07 No. 05355

12              Plaintiff,              NOTICE OF REMOVAL OF CIVIL
                                        ACTION
13       vs.

14  CONAGRA FOODS, INC. and DOES 1
    through 100, inclusive,
15
                Defendants.
16  _____

17  TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
    CALIFORNIA, SAN JOSE DIVISION:
18

19       PLEASE TAKE NOTICE that defendant CONAGRA FOODS, INC. hereby removes

20  to this Court the state court action described below.

21

22       1.    On August 6, 2007, an action was commenced in the Superior Court of the

23  State of California in and for the County of Santa Clara entitled Terry Southards v.

24  ConAgra Foods, Inc., and Does 1 through 100, Case Number 107CV091409.

25

26       2.    Attached are all state-court papers sent to the removing defendant at the

27  time of removal: the Summons (Exhibit A); Complaint (Exhibit B); Statement of Damages

28  (Exhibit C); Civil Lawsuit Notice (Exhibit D) and ADR Information Sheet (Exhibit E).

                                                          NOTICE OF REMOVAL

3.    ConAgra Foods, Inc., was served with the complaint through Corporation Service Company, its registered agent for service of process, on September 21, 2007. (Exhibit F).

4.    The defendants identified as "Does" 1 through 100 in Plaintiff's Complaint are merely fictitious parties against whom no cause of action can be validly alleged. All of Plaintiffs' allegations against Doe defendants are merely a sham.  To the best of the removing defendant's information and belief, no fictitiously designated defendant has been served with process and these fictitious parties may be ignored for purposes of determining removal.  Pursuant to 28 U.S.C. § 1441 (a), "for purposes of removal, ... the citizenship of defendants sued under fictitious names shall be disregarded."

JURISDICTION

5.    The aforesaid action is a civil action in which this court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one which may be removed to this court by this defendant pursuant to the provisions of Title 28, United States Code, Section 1441, pursuant to H.R.4807, for the following reasons:

(a)    There is complete diversity of citizenship in the aforesaid action since plaintiff is a resident of Washington (Complaint, para. 2, Exhibit B) and ConAgra Foods, Inc., is a corporation duly incorporated by virtue of the laws of the state of Delaware and at all relevant times had its principal place of business in the State of Nebraska (Exhibit G).

(b)    As set forth in plaintiff's statement of damages (Exhibit C), the amount in controversy in the aforesaid action exceeds the sum of $75,000.00, exclusive of interest and costs.  Plaintiff's statement of damages sets forth damages of past medical expenses

-2-
NOTICE OF REMOVAL

1  and wage loss that total $104,488.07, general damages of $5,000,000 and an additional

2  amount that has not been calculated yet for future medical expenses.

3

4  INTRADISTRICT ASSIGNMENT

5

6       7.    This matter was removed to the appropriate venue, since plaintiff filed his

7  complaint in the Superior Court for the County of Santa Clara.  Pursuant to 28 U.S.C.

8  Section 1446(a), the notice of removal "shall" be filed "in the district court of the United

9  States for the district and division within which such action is pending ..." Northern District

10  Local Rule 3-2(e) also provides:  "Except as provided in Civil L.R. 3-2(c), all civil actions

11  which arise in the counties of Santa Clara ... shall be assigned to the San Jose Division."

12  Thus, ConAgra properly removed this case to the San Jose Division, since plaintiff's

13  complaint was filed in the Superior Court of Santa Clara County.

14

15       8.    However, pursuant to Northern District Local Rules  3-2(c) and  3-2(f),

16  ConAgra believes that, since the accident which forms the basis of plaintiff's complaint

17  occurred in Kings County, California, plaintiff's original choice of venue was inappropriate

18  and this matter should be transferred to the United States District Court of California,

19  Eastern District, Fresno Division. If the court does not transfer this matter to the United

20  States District Court of California, Eastern District, Fresno Division, on its own motion

21  pursuant to Local Rules 3-2(c) and 3-2(f), ConAgra Foods, Inc., reserves the right to file

22  such a motion to transfer.

23

24  TIMELINESS OF REMOVAL

25

26       9.    This Notice of Removal is timely under section 1446(b) of Title 28 of the

27  United States Code because the Plaintiff's Summons and Complaint in this action was first

28  sent to the removing defendant on September 21, 2007. This Notice of Removal is filed

-3-                                         NOTICE OF REMOVAL

1 within one year of the commencement of the action so that it is timely filed under 28
2 U.S.C. § 1446(b).

3       WHEREFORE, this defendant hereby gives notice that the above- entitled action,
4 now pending against it in the Superior Court of the State of California, for the County of
5 Santa Clara, is removed to this court.
6

7 Dated:  October 19, 2007                    GRACE, COSGROVE & SCHIRM
                                             A Professional Corporation
8

9                                            By: _____
10                                               Rod J. Cappy
                                                David K. Schultz
11                                              Attorneys for Defendant
                                                CONAGRA FOODS, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -4-                        NOTICE OF REMOVAL

G:\FILEROOM\Con Agra\Southards\Pleadings\notice of removal-not.doc

**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Conagra Foods, Inc. and Does 1 through 100, inclusive

**ENDORSED**

2007 AUG -6  P 2: 26

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY _____ DEPUTY
M. ROSales

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Terry Southards

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

**CASE NUMBER:**
*(Número del Caso):*
07 CV 091409

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark B. O'Connor, Esq.  SBN No. 126960     (408) 292-2434  (408) 292-1264
Shea & Shea
255 N. Market Street, Ste. 190
San Jose, CA 95110

DATE:                                    Clerk, by                          , Deputy
*(Fecha)*  AUG 6 2007                     *(Secretario)*  M. Rosales           *(Adjunto)*

Kiri Torre
Chief Executive Officer/Clerk

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): **CONAGRA FOODS, INC.**

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):

4. [ ] by personal delivery on (date):

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT B**

**SHEA & SHEA**
A PROFESSIONAL LAW CORPORATION
MICHAEL M. SHEA (State Bar 36396)
MICHAEL M. SHEA Jr. (State Bar 128963)
MARK B. O'CONNOR (State Bar 125980)
THE JAMES SQUARE BUILDING
255 NORTH MARKET STREET, SUITE 190
SAN JOSE, CALIFORNIA 95110
TELEPHONE: (408) 292-2434
FACSIMILE: (408) 292-1264

ATTORNEYS FOR PLAINTIFF(S)

ENDORSED

2007 AUG -6 P 2: 26

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA CALIFORNIA
BY M. Rosales
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

TERRY SOUTHARDS,

                    Plaintiff,

            vs.

CONAGRA FOODS, INC. and DOES 1 through
100, inclusive,

                    Defendants.

Case No. **107CV091409**

**COMPLAINT FOR DAMAGES**

(Negligence)

## GENERAL ALLEGATIONS

1.     COMES NOW PLAINTIFF, TERRY SOUTHARDS, individually, alleges against the defendants herein, singularly and collectively, as pled, as follows:

2.     At all times herein mentioned, TERRY SOUTHARDS, is and was a resident of Yakima County, Washington.

3.     At all times herein mentioned, CONAGRA FOODS, INC. (hereinafter "ConAgra") is a corporation, doing business in the United States and specifically the State of California.

4.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of said fictitiously

-1-

1   named defendants is negligently responsible in some manner for the occurrences and happenings

2   herein alleged, and that TERRY SOUTHARDS'S injuries as herein alleged were proximately

3   caused by said negligence.

4        5.     At all times herein mentioned, the defendants, and each of them, were the agents,

5   servants, and employees of each of the remaining defendants, and in doing the things hereinafter

6   alleged, were acting within the course and scope of such agency, service and employment and

7   with the knowledge, consent, and permission of each of said remaining defendants.

8        6.     At all times herein mentioned, defendants, and each of them, owned, maintained,

9   controlled, managed, and operated the business premises known as ConAgra, located in the

10  County of Kings, California.

11       7.     At all times herein mentioned, defendants, and each of them, owned, maintained,

12  controlled, managed, and operated the forklift which struck TERRY SOUTHARDS'S truck.

13       8.     On or about August 10, 2005, Plaintiff drove his truck to the ConAgra plant in

14  Hanford, California. Once he arrived, his truck was unloaded and reloaded by ConAgra

15  employees using forklifts. Plaintiff followed all rules of conduct within the ConAgra plant, and

16  obeyed all signs and warnings. Plaintiff placed the steel corner irons on his truck to secure his

17  load, but had not yet affixed the cables to secure them when a ConAgra employee interrupted

18  him to review some paperwork. Plaintiff was standing near his truck when defendant Doe

19  forklift driver, employed by ConAgra, carelessly and recklessly hit the side of his truck causing

20  an approximately twenty-four pound steel corner iron to fall approximately nine to fourteen feet

21  and strike him on the right side of his forehead, causing him injury.

22       9.     Plaintiff had no warning of the impending threat of a falling twenty-four pound

23  steel corner iron, and in no way caused it to fall.

24       10.     At all times herein mentioned, defendants, and each of them, owed plaintiff a duty

25  of ordinary care to protect him from harm while at the plant. Cal. Civ. Code §1714(a).

26       11.     Defendants, and each of them, breached their duty by negligently running their

27  plant in an unorganized, chaotic manner and failing to take reasonable precautions against the

28  known risk of falling heavy steel and recklessly operating a forklift in a manner known to be

SHEA & SHEA
SPECIAL LAW CORPORATION
1 SANER SQUARE BLDG.
N. MARKET ST. SUITE 100
SAN JOSE, CALIFORNIA 95110
SAN JOSE WEB 280-8424
TELEPHONE (408) 293-7894

dangerous.

12.    Defendants' policy and procedure of having trucks enter the plant and load and unload haphazardly and not in an organized and safe fashion was negligent and was a substantial cause of this accident.

13.    On or about August 10, 2005, the defendant Doe forklift driver, employed by ConAgra, and acting in the course and scope of his employment, so negligently and carelessly maintained, operated, and controlled said forklift so as to cause it crash into plaintiff's truck and knock a twenty-four pound steel corner iron onto plaintiff's head, who thereby suffered catastrophic injuries as a legal result of said negligence.

14.    As a proximate result of defendant Doe forklift driver's negligent and careless operation of a forklift, a heavy steel iron fell on plaintiff, causing him the injuries as enumerated above.

15.    As a proximate result of the negligence of defendants, plaintiff was hurt and injured and his health, strength, and activity, sustaining injury to his nervous system and person, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to him. As a result of such injuries, plaintiff has suffered general damages in an amount according to proof.

16.    As a further proximate result of said negligence of the defendants, and each of them, plaintiff was required to and did employ physicians to examine, treat, and care for him and did incur and will continue to incur medical and related expenses.  The exact amount of said expense is unknown to plaintiff at this time, and plaintiff will seek leave to amend this complaint when the exact amount has been ascertained, or according to proof.

17.    As a further proximate result of the negligence of defendants, and each of them, plaintiff was prevented from attending to his usual occupation and thereby lost earnings. Plaintiff is informed and believes and thereon alleges that he will thereby be prevented from attending to said occupation permanently and will thereby sustain a further loss of earnings and earning capacity, all to his damage in a sum presently unascertained.  Plaintiff will seek leave to

1   amend this complaint when the exact amount has been ascertained, or according to proof.

2       18.    WHEREFORE, plaintiff prays judgment against said defendants, and each of

3   them, as hereinafter set forth.

5       WHEREFORE, plaintiff prays judgment against defendants CONAGRA FOODS, INC.

6   AND DOES 1-100, and each of them, as follows:

7       (1)    For general damages according to proof;

8       (2)    For medical and related expenses according to proof;

9       (3)    For interest on all economic damages at the legal rate from the date of the

10              incident, August 10, 2005, to the date of judgment;

11      (4)    For costs of suit herein incurred;

12      (5)    For such other and further relief as the court may deem proper, including general

13              damages.

15  DATED:    August **6**, 2007                    SHEA & SHEA

17                                    By: _____

18                                        MARK B. O'CONNOR
                                          Attorney for Plaintiff

28
HEA & SHEA

SOUTHARDS v. CON AGRA                    -4-                    CASE No.
                    **COMPLAINT FOR DAMAGES**

**EXHIBIT C**

**SHEA & SHEA**
A PROFESSIONAL LAW CORPORATION
MICHAEL M. SHEA (State Bar 36886)
MICHAEL M. SHEA, JR. (State Bar 120882)
MARK B. O'CONNOR (State Bar 126960)
THE JAMES SQUARE BUILDING
266 NORTH MARKET STREET, SUITE 190
SAN JOSE, CALIFORNIA 95110
TELEPHONE: (408) 292-2434
FACSIMILE: (408) 292-1264

ATTORNEYS FOR PLAINTIFF(S)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

| | |
|---|---|
| TERRY SOUTHARDS, | Case No. 1-07-CV-091409 |
| Plaintiff, | **STATEMENT OF DAMAGES** |
| vs. | |
| CONAGRA FOODS, INC. and DOES 1 through 100, inclusive, | |
| Defendants. | |

TO DEFENDANT CONAGRA FOODS, INC. AND THEIR ATTORNEYS OF RECORD:

Pursuant to Code of Civil Procedure § 425.11, plaintiff Terry Southards hereby claims the following damages in the above-entitled action:

1. Past Medical Expenses: $4,219.08, and continuing.

2. Future Medical Expenses: Unknown at this time.

3. Wage Loss: Approximately $100,268.99 and continuing.

4. General Damages: $5,000,000.00.

There may be additional damages of which plaintiff is currently unaware, and plaintiff reserves the right to amend this response to insert such amounts at a time in the future, if and when the same should become known to him.

//

-1-

DATED:    September 21, 2007                    SHEA & SHEA

                                        By:    _____
                                               NICOLE N. HANCOCK
                                               Attorney for Plaintiff

SOUTHARDS v. CON AGRA                                    CASE NO. 1-07-CV-091409
                        STATEMENT OF DAMAGES

**EXHIBIT D**

Document6

**CIVIL LAWSUIT NOTICE**                                    **ATTACHMENT CV-5012**

Superior Court of California, County of Santa Clara       CASE NUMBER: **107CV091409**
191 N. First St., San Jose, CA  95113

**READ THIS ENTIRE FORM**

_PLAINTIFFS_ (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the _Complaint, Summons,_ an _Alternative Dispute Resolution (ADR) Information Sheet,_ and a copy of this _Civil Lawsuit Notice,_ and you must file written proof of such service.

---

_DEFENDANTS_ (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the _Complaint,_ in the Clerk's Office of the Court, within 30 days of the date the _Summons_ and _Complaint_ were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

   Warning: If you do not do these three things, you may automatically lose this case.

---

_RULES AND FORMS:_ You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC):_ You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: **Joseph Huber** _____ Department: **8**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

   Date: **JAN 1 5 2008**  Time: **1:30pm** in Department **8**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

   Date: _____ Time: _____ in Department _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

Page 1 of 1

**EXHIBIT E**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

<    **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

<    **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

<    **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

<    **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

<    **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

<    **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

<    Mediation may be appropriate when:
    <    The parties want a non-adversary procedure
    <    The parties have a continuing business or personal relationship
    <    Communication problems are interfering with a resolution
    <    There is an emotional element involved
    <    The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/06

Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract.
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 5/00

**EXHIBIT F**



**CORPORATION SERVICE COMPANY**

SEP 24 2007

JUT / ALL
Transmittal Number: 5352502
Date Processed: 09/21/2007

# Notice of Service of Process

*(handwritten) date of Loss: 8/10/05 on or about*

| | |
|---|---|
| **Primary Contact:** | Leo A. Knowles, 1-370<br>Conagra Foods, Inc.<br>One Conagra Drive<br>Omaha, NE 68102-5001 |
| **Copy of transmittal only provided to:** | Sherry Benton 1-370 |

| | |
|---|---|
| **Entity:** | ConAgra Foods, Inc.<br>Entity ID Number 0246636 |
| **Entity Served:** | Conagra Foods, Inc. |
| **Title of Action:** | Terry Southards vs. Conagra Foods, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court:** | Santa Clara Superior Court, California |
| **Case Number:** | 107CV091409 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 09/21/2007 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Mark B O'Connor<br>408-292-2434 |

RECEIVED SEP 27 2007

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**EXHIBIT G**

# California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of MAR 23, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| CONAGRA FOODS, INC. | | |
| **Number:** C0769084 | **Date Filed:** 5/4/1976 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| Address | | |
| ONE CONAGRA DR CC-237 | | |
| OMAHA, NE 68102 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HA LL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 1100, Los Angeles, California 90071.

On October 19, 2007, I served the within document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION**

on the interested parties in this action as stated below:

Michael M. Shea, Esq.                          Attorneys for Plaintiff Terry Southards
Michael M. Shea, Jr., Esq.
Mark B. O'Connor, Esq.
The James Square Building
255 No. Market St., Suite 190
San Jose, CA 95110

[X]    (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY FAX) By transmitting a true copy of the foregoing document(s) via facsimile transmission from this Firm's sending facsimile machine, whose telephone number is (213) 533-5444, to each interested party at the facsimile machine telephone number(s) set forth on the attached mailing list. Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this Firm's sending facsimile machine. Each such transmission was reported as complete and without error and a transmission report was properly issued by this Firm's sending facsimile machine for each interested party served. A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____                          _____
Shirley Okazaki                                          (Signature)
(Type or print name)

-5-

G:\FILEROOM\Con Agra\Southards\Pleadings\notice of removal-not.doc