1  ROD J. CAPPY, Bar No. 137151
   rcappy@gcslaw.net
2  DAVID K. SCHULTZ, Bar No. 150120
   dschultz@gcslaw.net
3  GRACE, COSGROVE & SCHIRM
   A Professional Corporation
4  444 South Flower Street, Suite 1100
   Los Angeles, California 90071
5  Telephone:  (213) 533-5400
   Facsimile:  (213) 533-5444
6
   Attorneys for Defendant
7  CONAGRA FOODS, INC.

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11  TERRY SOUTHARDS,                    ) Case No. C07-05355 RS
                                        )
12           Plaintiff,                 ) ANSWER OF CONAGRA FOODS INC.
                                        ) TO THE COMPLAINT OF PLAINTIFF
13      vs.                             ) TERRY SOUTHARDS;
                                        )
14  CONAGRA FOODS, INC. and DOES 1      ) DEMAND FOR JURY TRIAL
    through 100, inclusive,             )
15                                      )
             Defendants.               )
16  _____)

17        Defendant ConAgra Foods, Inc. (ConAgra), by and through their undersigned

18  counsel, Rod J. Cappy and David K. Schultz, of the law firm of Grace, Cosgrove &

19  Schirm, answer the complaint filed by plaintiff Terry Southards as follows:

20

21        ConAgra Foods, Inc., denies each and every allegation contained in the complaint,

22  and also provides the following responses to the complaint that are set forth below:.

23

24        1.      Answering paragraphs 1, 4, 5, 15, 16, 17 and 18, since the complaint was

25  only recently served and no discovery has yet occurred, at this time, defendant is without

26  knowledge sufficient to form a belief as to the truth or falsity of the allegations contained

27  therein and, therefore, denies such.

28  ///

                                        CONAGRA'S ANSWER TO COMPLAINT

1    2.    Answering paragraph 2, this defendant is informed and believes that Plaintiff

2  is a resident of the State of Washington.  As to the remaining allegations, since the

3  complaint was only recently served and no discovery has yet occurred, at this time, this

4  answering defendant is without knowledge sufficient to form a belief as to the truth or

5  falsity of the allegations contained therein and, therefore, denies such.

6

7    3.    Answering paragraph 4, this defendant admits it is a corporation and does

8  business in the United States.  This answering defendant also states its principal place of

9  business is in Nebraska.

10

11    4.    Answering paragraphs 6, 7, 8, 9, 10, 11, 12, 13 and 14, this answering

12  defendant denies any and all allegations in the complaint that contend ConAgra Foods,

13  Inc. is liable for negligence and/or for plaintiff's alleged injuries and damages.  This

14  answering defendant states it did not breach any duty of care to plaintiff, and neither

15  ConAgra nor any of its employees committed any negligence that caused or contributed to

16  causing plaintiff's alleged accident.

17

18    5.    Answering the prayer, this defendant denies each and every allegation

19  contained therein.

20

21    **FIRST AFFIRMATIVE DEFENSE**

22    6.    This answering defendant alleges that each purported cause of action fails

23  to state facts sufficient to constitute a cause of action against the answering defendant.

24

25    **SECOND AFFIRMATIVE DEFENSE**

26    7.    This answering defendant alleges that the injuries and damages, if any, of

27  which the plaintiff complains were directly and proximately caused and contributed to by

28

-2-        CONAGRA'S ANSWER TO COMPLAINT

1  the negligence of the plaintiff and thus plaintiff is barred from recovery herein; or the

2  plaintiff's damages, if any, are reduced according to law.

3

4  **THIRD AFFIRMATIVE DEFENSE**

5      8.    This answering defendant alleges that the injuries and damages, if any, of

6  which plaintiff complains were proximately caused and contributed to by the negligence

7  and/or conduct of other persons or entities, and that said negligence and/or conduct was

8  an intervening and/or superseding cause of the injuries and damages, if any, of which

9  plaintiff complains.

10

11  **FOURTH AFFIRMATIVE DEFENSE**

12      9.    This answering defendant alleges that the injuries and damages, if any, of

13  which plaintiff complains were proximately caused and contributed to by the negligence

14  and/or conduct of other persons or entities.  Thus, plaintiff's claims are barred and/or

15  plaintiff's damages, if any, must be reduced according to law.

16

17  **FIFTH AFFIRMATIVE DEFENSE**

18      10.    This answering defendant is informed and believes, and based thereon,

19  alleges that all risks and dangers, if any, related to the incident referred to in the

20  complaint, had been seen, understood, recognized and were fully known by plaintiff and

21  that all the said risks and dangers, if any, were fully appreciated and voluntarily assumed

22  during all the times set out in the complaint.  The plaintiff was voluntarily placed in a

23  position of danger, if such position of danger did fact exist, and thereby assumed the risk

24  of all injuries that might or did result therefrom.  The plaintiff is, therefore, barred from any

25  recovery herein or their damages, if any, are reduced according to law.

26  ///

27  ///

28  ///

-3-        CONAGRA'S ANSWER TO COMPLAINT

G:\FILEROOM\Con Agra\Southards\Pleadings\Answer-ans.doc

1

## SIXTH AFFIRMATIVE DEFENSE

2    11.    This answering defendant alleges that the acts or omissions allegedly

3 committed by the "Doe driver" were not committed within the course and scope of his

4 employment and/or he was not an employee of ConAgra.    Thus, ConAgra cannot be

5 vicariously liable for his alleged negligence.

6

7    ## SEVENTH AFFIRMATIVE DEFENSE

8    12.    This answering defendant alleges that each and every cause of action

9 alleged by plaintiff are barred by the applicable Statute(s) of Limitations, including, but not

10 limited to, California Code of Civil Procedure Section 335.1.

11

12    ## EIGHTH AFFIRMATIVE DEFENSE

13    13.    This defendant is informed and believes that evidence relating to plaintiff's

14 claim was not preserved by plaintiff for purposes of this litigation. This answering

15 defendant alleges that plaintiff was in a position to protect and preserve these items and

16 that these items were destroyed, discarded, not preserved and/or spoliated, all to the

17 prejudice of this defendant.

18

19    14.    This defendant alleges that plaintiff knew and/or should have known that the

20 evidence was critical and/or relevant evidence to any potential litigation.

21

22    15.    This defendant alleges that the failure to preserve these items, without

23 giving notice to defendant of this claim, has unduly prejudiced this defendant and its ability

24 to defend against the claims of plaintiff.  Furthermore, plaintiff had a duty to maintain and

25 preserve the evidence or, at the very least, provide notice to defendant before performing

26 any or all of the acts alleged above.

27

28

-4-        CONAGRA'S ANSWER TO COMPLAINT

1    16.    As a direct and proximate result of the intentional or negligent spoliation,
2  destruction,   discarding, loss and/or failure to protect and/or preserve the evidence, this
3  defendant has been unduly prejudiced in its ability to defend against plaintiff's claims.  As
4  such, plaintiff's claims should be stricken or an issue and/or evidence sanction should be
5  imposed against plaintiff.

6

7                            **NINTH AFFIRMATIVE DEFENSE**

8    17.    This answering defendant alleges that it did not owe and/or breach a duty of
9  care to plaintiff.

10

11                            **TENTH AFFIRMATIVE DEFENSE**

12    18.    Each and every cause of action against this answering defendant is barred
13  by the doctrines of laches and unclean hands.

14

15                          **ELEVENTH AFFIRMATIVE DEFENSE**

16    19.    Each and every cause of action against this answering defendant is barred
17  by the doctrines of implied and/or express waiver.

18

19                           **TWELFTH AFFIRMATIVE DEFENSE**

20    20.    Each and every cause of action against this answering defendant is barred
21  by the doctrine of equitable estoppel and/or judicial estoppel.

22

23                        **THIRTEENTH AFFIRMATIVE DEFENSE**

24    21.    Plaintiff has failed to join all necessary and/or indispensable parties, as
25  required by law.

26  ///

27  ///

28  ///

CONAGRA'S ANSWER TO COMPLAINT

G:\FILEROOM\Con Agra\Southards\Pleadings\Answer-ans.doc

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2        22.    At all times relevant herein, this answering defendant acted reasonably and

3 with due care, complied with all statutory, regulatory, and common law requirements in

4 connection with any activities that are the subject matter of this action.  Plaintiff's claims

5 are barred in whole or in part because this answering defendant's alleged activities were

6 reasonable and without fault and/or licensed and permitted by statute, regulation,

7 ordinance, or other law.

8

9

## FIFTEENTH AFFIRMATIVE DEFENSE

10        23.    Each and every cause of action against this answering defendant is barred,

11 since any claimed liability or obligation owed to plaintiff has been satisfied, released or

12 otherwise discharged under the doctrines of accord and satisfaction.

13

14

## SIXTEENTH AFFIRMATIVE DEFENSE

15        24.    Each and every cause of action against this answering defendant is barred,

16 in whole or in part, under the principles of setoff, recoupment, and/or unjust enrichment.

17

18

## SEVENTEENTH AFFIRMATIVE DEFENSE

19        25.    Plaintiff's claims against this answering defendant are barred because they

20 are a violation of due process under the California and United States Constitution.

21

22

## EIGHTEENTH AFFIRMATIVE DEFENSE

23        26.    This answering defendant alleges that plaintiff's claims are barred under the

24 doctrines of res judicata and and/or collateral estoppel.

25

26

## NINETEENTH AFFIRMATIVE DEFENSE

27        27.    This answering defendant alleges that plaintiff lacks of standing to assert the

28 claim and/or damages alleged in plaintiff's complaint.

-6-        CONAGRA'S ANSWER TO COMPLAINT

1

## TWENTIETH AFFIRMATIVE DEFENSE

2      28.    This answering defendant alleges that the claims and/or damages alleged in

3 plaintiff's complaint are barred under choice of law principles.

4

5

## TWENTY-FIRST AFFIRMATIVE DEFENSE

6      29.    Plaintiff received or will receive disability, medical and other benefits under

7 workers' compensation law from his employer or its workers' compensation or similar

8 insurers, on account of the alleged injuries and damages which give rise to this lawsuit.

9 At the time of any alleged injury, the plaintiff's employer was careless and negligent in and

10 about the matters alleged in plaintiff's complaint, and said carelessness and negligence of

11 said employer contributed directly and legally to any alleged injuries or damages

12 sustained by plaintiff. Any judgment or verdict that might be rendered in favor of plaintiff

13 herein should be reduced by the amount of all such payments by said employers or

14 insurers, and that the employer or insurer should be barred from any recovery by lien or

15 otherwise in connection with this matter.  (See e.g. Witt v. Jackson, 57 Cal.2d 57 (1961).)

16

17

## TWENTY-SECOND AFFIRMATIVE DEFENSE

18      30.    Plaintiff's complaint was commenced in an improper venue, since the

19 incident alleged in plaintiff's complaint occurred in Kings County and thus plaintiff's

20 complaint should not have been filed in Santa Clara County.  Defendant alleges that the

21 action should be transferred to the Eastern District of California, Fresno Division.

22

23

## TWENTY-THIRD AFFIRMATIVE DEFENSE

24      31.    This answering defendant alleges that it may have additional affirmative

25 defenses available, of which it is not now fully aware.  This answering defendant reserves

26 the right to assert additional affirmative defenses after the same shall have been

27 ascertained.

28

-7-      CONAGRA'S ANSWER TO COMPLAINT

1    WHEREFORE, the answering defendant prays judgment as follows:

2

3    1.    That plaintiff's complaint shall be dismissed with prejudice;

4    2.    That plaintiff takes nothing by his action;

5    3.    That defendant shall be awarded all costs of suit herein;

6    4.    That defendant shall be awarded attorneys fees and prejudgment interest;

7    and

8    5.    For such other relief as the court deems just and proper.

9

10    Dated:  November 13, 2007                    GRACE, COSGROVE & SCHIRM
11                                                 A Professional Corporation

12
                                                  By: _____
13                                                    Rod J. Cappy
14                                                    David K. Schultz
                                                      Attorneys for Defendant
15                                                    CONAGRA FOODS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-        CONAGRA'S ANSWER TO COMPLAINT

G:\FILEROOM\Con Agra\Southards\Pleadings\Answer-ans.doc

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3          Defendant hereby demands a trial by jury.

4
Dated:  November 13, 2007                    GRACE, COSGROVE & SCHIRM
5                                             A Professional Corporation

6

7                                      By: _____
                                            Rod J. Cappy
8                                           David K. Schultz
                                            Attorneys for Defendant
9                                           CONAGRA FOODS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -9-          CONAGRA'S ANSWER TO COMPLAINT

G:\FILEROOM\Con Agra\Southards\Pleadings\Answer-ans.doc

1    **PROOF OF SERVICE**

2

3          I am employed in the County of Los Angeles, State of California. I am over the age
of 18 and not a party to the within action. My business address is 444 South Flower
4    Street, Suite 1100, Los Angeles, California 90071.

5          On November 13, 2007, I served the within document(s) described as:

6    **ANSWER OF CONAGRA FOODS INC. TO THE COMPLAINT OF PLAINTIFF
TERRY SOUTHARDS; DEMAND FOR JURY TRIAL**

7
          on the interested parties in this action as stated below:
8

9    Michael M. Shea, Esq.                    Attorneys for Plaintiff Terry Southards
     Michael M. Shea, Jr., Esq.
10   Mark B. O'Connor, Esq.
     The James Square Building
11   255 No. Market St., Suite 190
     San Jose, CA 95110
12
     [X]    (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed
13          envelope addressed as set forth on the attached mailing list. I placed each such
            envelope for collection and mailing following ordinary business practices. I am
14          readily familiar with this Firm's practice for collection and processing of
            correspondence for mailing. Under that practice, the correspondence would be
15          deposited with the United States Postal Service on that same day, with postage
            thereon fully prepaid at Los Angeles, California, in the ordinary course of business.
16          I am aware that on motion of the party served, service is presumed invalid if postal
            cancellation date or postage meter date is more than one day after date of deposit
17          for mailing in affidavit.

18          I certify that I am employed in the office of a member of the bar of this Court at
     whose direction the service was made.
19
            Executed on November 13, 2007, at Los Angeles, California.
20
            I declare under penalty of perjury that the foregoing is true and correct.
21

22   _____          _____
          Shirley Okazaki
23        (Type or print name)                    (Signature)

24

25

26

27

28

-10-

G:\FILEROOM\Con Agra\Southards\Pleadings\Answer-ans.doc