```
 1  ROD J. CAPPY, Bar No. 137151
    rcappy@gcslaw.net
 2  DAVID K. SCHULTZ, Bar No. 150120
    dschultz@gcslaw.net
 3  GRACE, COSGROVE & SCHIRM
    A Professional Corporation
 4  444 South Flower Street, Suite 1100
    Los Angeles, California 90071
 5  Telephone:  (213) 533-5400
    Facsimile:  (213) 533-5444
 6
    Attorneys for Defendant
 7  CONAGRA FOODS, INC.
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| TERRY SOUTHARDS,<br><br>            Plaintiff,<br><br>     vs.<br><br>CONAGRA FOODS, INC. and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No. C07-05355 JF<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER FOR CONVENIENCE (28 U.S.C. § 1404(a))**<br><br>Date:         January 11, 2008<br>Time:         9:00 a.m.<br>Courtroom:  Courtroom 3, 5th Floor |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 11, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 3, 5th Floor, located at 280 South First Street, San Jose, California, defendant CONAGRA FOODS, INC. will and hereby does move this Court for an order transferring this action to the United States District Court, Eastern District pursuant to 28 U.S.C. §1404(a), on the grounds the alleged injuries

1  were sustained in Kings County and such transfer will serve the interests of justice and for
2  the convenience of the parties and witnesses.
3
4      This motion is based on this notice of motion, the attached memorandum of points
5  and authorities, the complaint attached to the Notice of Removal filed by defendant on
6  October 19, 2007, and upon all other papers, records and pleadings on file herein.
7
8  Dated: November 27, 2007        GRACE, COSGROVE & SCHIRM
9                                          A Professional Corporation
10
11                                  By: _____
12                                         Rod J. Cappy
                                         David K. Schultz
13                                          Attorneys for Defendant
                                         CONAGRA FOODS, INC.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND STATEMENT OF FACTS

On August 6, 2007, this action was commenced in the Superior Court of the State of California in and for the County of Santa Clara as <u>Terry Southards v. ConAgra Foods, Inc.</u>, Santa Clara Superior Court, Case No. 107CV091409. Pursuant to 28 U.S.C. Section 1446(a) and Northern District Local Rule 3-2(e), this matter was properly removed to the United States District Court for the Northern District of California, San Jose Division, since plaintiff filed his complaint in the Superior Court for the County of Santa Clara.

However, the accident which forms the basis of this action occurred in Kings County, California. Specifically, the complaint alleged the incident occurred during the unloading or reloading of plaintiff's truck at a plant located in Hanford, California, which is located in Kings County. (Complaint, p. 2:13-14) As such, plaintiff's original choice of venue was inappropriate. The action should have been filed in the Superior Court for Kings County -- not in Santa Clara County, where plaintiff's law firm is located. Although defendant ConAgra was required to remove this action to this court under 28 U.S.C. Section 1446(a) and Northern District Local Rule 3-2(e), the appropriate venue for the instant action is with the United States District Court of California, Eastern District, Fresno Division. Indeed, the Local Rules of the Northern District and Eastern District both point to Fresno as the appropriate venue for this case, since that is where the alleged accident occurred. Northern District Local Rule 3-2(c); Eastern District Local Rule 3-120(d). As such, defendant ConAgra hereby moves this court for an order transferring this matter to the United States District Court of California, Eastern District, Fresno Division, pursuant to 28 U.S.C. Section 1404(a).

I. **THIS ACTION SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT, FRESNO DIVISION**

For reasons unclear, plaintiff initiated this action in the Santa Clara Superior Court, rather than the Kings County Superior Court.[1] As clearly set forth in the complaint, the injuries claimed are alleged to have been sustained in Hanford, California, within Kings County. There are no allegations in the complaint which support proper venue in Santa Clara County Superior Court. The complaint instead specifically identifies the location of the alleged accident as occurring in the County of Kings. (Complaint, p. 2:8-10)

28 U.S.C. § 1391(a) provides that in diversity actions, such as this one, venue is proper in the judicial district in which a defendant resides and where a "substantial part of the events or omissions" on which the claim is based occurred.[2] Northern District Local Rule 3-2(c) and Eastern District Local Rule 3-120(d) are in accord. Northern District Local Rule 3-2(c) specifically provides, in relevant part:

> "... all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated ..."

Here, the complaint alleged the injuries were sustained at the ConAgra plant in Hanford. The Eastern District is therefore a proper venue under Section 1391 and has a

---

[1] It should be noted, however, that the Santa Clara Superior Court is located a few miles from plaintiff's counsel's office.

[2] Defendant ConAgra filed a Notice of Removal on October 19, 2007 based on diversity jurisdiction in light of the fact plaintiff is an individual who resides in Yakima County, Washington and defendant is a Delaware corporation with its principal place of business in the State of Nebraska. (See Notice of Removal, p. 2:20-24)

superior interest in determining matters arising within its boundaries. As such, this matter should be transferred to the Eastern District, Fresno Division, under Section 1404, Northern District Local Rule 3-2(c) and Eastern District Local Rule 3-120. Under these rules, plaintiff's complaint should have originally been filed in Kings County.

A transfer to the Eastern District will clearly serve the interests of justice and be more convenient for the witnesses and the parties. The complaint fails to identify witnesses by name, but does concede that ConAgra employees in Hanford will be witnesses to the incident. Specifically, the complaint alleges:

> "plaintiff drove his truck to the ConAgra plant in Hanford, California. Once he arrived, his truck was unloaded and reloaded by ConAgra employees using forklifts. . . plaintiff placed the steel corner irons on his truck to secure his load, but had not yet affixed the cables to secure them when a ConAgra employee interrupted him to review some paperwork. Plaintiff was standing near his truck when defendant Doe forklift driver, employed by ConAgra, carelessly and recklessly hit the side of his truck . . . ." (Complaint, p. 2:12-21)

Thus, according to plaintiff's complaint, the primary witnesses to the accident are located in the Hanford area. Medical providers, as well as any emergency response providers, will also likely need to be deposed in order to ascertain how the incident occurred and the extent of plaintiff's claimed injuries. Each of these witnesses will also likely be called upon to testify at trial. In addition, documents and medical records relating to the incident would be located within the Eastern District. A transfer to the Eastern District would therefore ensure the relative ease of access to proof. Van Duesen v. Barrack, 376 U.S. 612, 643 (1964); Kim v. Kim (ED PA 2004) 324 F.Supp.2d 628, 643 (location of cumbersome machines that might have to be produced at trial weighed in favor of transfer.) To the extent this action involves ConAgra equipment and the plant premises themselves, considerations as to the evidence which may need to be produced at trial or viewed by a jury favor transfer of this action to the Eastern District. In contrast, the Northern District has little, if any, connection to the incident and injuries alleged in the complaint. Based on

the allegations of the complaint, the only reasonable inference that can be drawn is that key witnesses and documents are all located in Kings County.

Plaintiff's action was improperly filed in the wrong court. Because plaintiff's action should have been filed in the Superior Court for Kings County, a post-removal transfer of this action to the U.S. District Court, Eastern District serving Kings County is warranted. Such a transfer should be granted for the convenience of the parties, the witnesses and in the interests of justice. Where here, the plaintiff is a resident of Yakima County, Washington, a transfer of this matter from the Northern District to the Eastern District, poses no hardship, prejudice or inconvenience to the plaintiff. Instead, where a plaintiff commences an action in a forum that is not his residence, plaintiff's choice of forum should be given little consideration. New Image, Inc. v. Travelers Indem. Co., (ED PA 1981) 536 F.Supp. 58, 59; see also Reiffin v. Microsoft Corp., (D DC 2000) 104 F.Supp.2d 48, 54, n. 12 (where plaintiff engages in forum shopping, the chosen venue will be accorded little deference).

Under 28 U.S.C. Section 1404(a), a motion to transfer may be granted for the convenience of the parties and witnesses and in "the interests of justice." In such a case, the court may transfer any civil matter to any other district where the action might have been originally brought. In addition, 28 U.S.C. Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Northern District is the wrong division for this matter, justifying a transfer to the proper district court.

The incident and injuries alleged herein occurred within the Eastern District; inconsistent, the Northern District has little, if any, connection to the claims at issue.

Witnesses, documents and other evidence are located within the Eastern District, thus access to such proof will be ensured by such a transfer as well.

## CONCLUSION

This action should be transferred to the United States District Court for the Eastern District, Fresno Division on the grounds that the convenience of the witnesses and the interests of justice warrant such a transfer.

Dated: November 27, 2007

GRACE, COSGROVE & SCHIRM
A Professional Corporation

By: _____
Rod J. Cappy
David K. Schultz
Attorneys for Defendant
CONAGRA FOODS, INC.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 1100, Los Angeles, California 90071.

On November 27, 2007, I served the within document(s) described as:

**NOTICE OF MOTION AND MOTION TO TRANSFER FOR CONVENIENCE (28 U.S.C. § 1404(a))**

on the interested parties in this action as stated below:

Michael M. Shea, Esq.  Attorneys for Plaintiff Terry Southards
Michael M. Shea, Jr., Esq.
Mark B. O'Connor, Esq.
The James Square Building
255 No. Market St., Suite 190
San Jose, CA 95110

[X] **(BY MAIL)** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY FAX)** By transmitting a true copy of the foregoing document(s) via facsimile transmission from this Firm's sending facsimile machine, whose telephone number is (213) 533-5444, to each interested party at the facsimile machine telephone number(s) set forth on the attached mailing list. Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this Firm's sending facsimile machine. Each such transmission was reported as complete and without error and a transmission report was properly issued by this Firm's sending facsimile machine for each interested party served. A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 27, 2007, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

Liv Kirchoff                                     _____
(Type or print name)                             (Signature)