**E-Filed 01/08/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| TERRY SOUTHARDS,<br><br>                  Plaintiff,<br><br>     v.<br><br>CONAGRA FOODS, INC. and DOES 1 through 100, inclusive,<br><br>                  Defendants. | Case Number C 07-05355 JF<br><br>ORDER[1] GRANTING MOTION TO TRANSFER VENUE<br><br>[re: docket no. 11] |

## I. BACKGROUND

On August 6, 2007, Plaintiff Terry Southards ("Southards") filed the instant case in the Santa Clara Superior Court. The action involves an accident that occurred in Kings County, California. On October 17, 2007, Defendant ConAgra Foods, Inc. ("ConAgra") removed the case to this Court pursuant to 28 U.S.C. §1446(a) on the basis of diversity of citizenship.

On November 13, 2007, ConAgra answered the complaint. On November 28, 2007, ConAgra moved to transfer venue to the Eastern District of California, primarily on the ground

---

[1] This disposition is not designated for publication and may not be cited.

that this is where the accident occurred. Southards has not filed any opposition to the motion. Accordingly, the Court treats the motion to transfer as unopposed and pursuant to Civil Local Rule 7-1(b), will grant the motion without oral argument.

## II.  LEGAL STANDARD

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). A motion for transfer pursuant to § 1404(a) lies within the discretion of the Court. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant such a motion turns on the facts of the particular case. *Id*. The factors to be weighed in deciding a motion for transfer include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Id*. at 498-99.

Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under § 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, the Court may disregard the plaintiff's choice of forum where the plaintiff's suit is the result of forum-shopping. *Alltrade. Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

## III.  DISCUSSION

The accident that forms the basis of this action occurred in Kings County, California. Southards's complaint alleges the accident occurred during unloading or reloading of his truck. In its Notice of Removal, ConAgra asserts that Southards is an individual who resides in Yakima

1  County, Washington and ConAgra is a Delaware corporation with its principal place of business
2  in the State of Nebraska. 28 U.S.C. 1391(a) provides that in diversity actions, venue is proper in
3  the judicial district in which a defendant resides and where a "substantial part of the events or
4  omissions" on which the claim is based occurred.

5  The complaint contains the following allegations:

> [Southwards] drove his truck to the ConAgra plant in Hanford, California. Once he arrived, his truck was unloaded and reloaded by ConAgra employees using forklifts . . . [Southards] placed the steel corner irons on his truck to secure his load, but had not yet affixed the cables to secure them when a ConAgra employee interrupted him to review some paperwork. [Southards] was standing near his truck when defendant Doe forklift driver, employed by ConAgra, carelessly and recklessly hit the side of his truck . . . ."

Complaint at ¶ 8. Thus, according to the complaint itself, the primary witnesses to the accident are located in the Hanford area. It is apparent that a transfer to the Eastern District will serve the interests of justice and be more convenient for the witnesses and the parties. As noted above, Southards has not filed opposition to the motion to transfer. Accordingly, the motion will be granted.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to transfer venue is GRANTED. The action is hereby transferred to the Eastern District of California, Fresno Division.

DATED: January 8, 2007

_____
JEREMY FOGEL
United States District Judge

3

Case No. C 07-05355 JF
ORDER GRANTING MOTION TO TRANSFER VENUE
(JFLC3)

1  This Order has been served upon the following persons:

3  **Mark B. O'Connor**
mbo@shea-shea.com

5
**Rod Jeffrey Cappy**
6  mms@shea-shea.com

4

Case No. C 07-05355 JF
ORDER GRANTING MOTION TO TRANSFER VENUE
(JFLC3)